**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
a South Carolina corporation,

              Plaintiff,

v.                                      CIVIL ACTION NO.  5:05-cv-00656

EASTERN DATA SYSTEMS, INC., and
EPS NETWORK SOLUTIONS, INC.,

              Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff State Auto Property and Casualty Insurance Company's (State

Auto) Motion for Summary Judgment [Docket 49], Defendants' Motion for Summary Judgment

[Docket 48], and State Auto's Motion for Oral Argument [Docket 63].  For the reasons stated herein,

the Court **DENIES** State Auto's Motion for Summary Judgment [Docket 49], **GRANTS**

Defendants' Motion for Summary Judgment [Docket 48], and **DENIES** State Auto's Motion for

Oral Argument [Docket 63].

*I.  BACKGROUND*

The factual background of this declaratory action is not in dispute.  This case arises from an

automobile accident which occurred near Ocean Shores, Washington, on or about May 26, 2003 (the

Accident).  Burt Kennedy, an employee of Defendant EPS Network Solutions, Inc. (EPS), was

driving on company business when he blacked out and was involved in a multiple vehicle accident,

causing various injuries.  At the time of the Accident, Mr. Kennedy was driving a 1996 Ford Van

(the Van), which was titled in West Virginia.  The owner of the Van was "EPS Network Solutions." [Docket 49-2.]  EPS had a policy of automobile insurance with intervening Defendant Federal Insurance Company (Federal).[1]  Federal complied with the terms of the insurance policy it issued to EPS by providing coverage for the various claims arising from the Accident.

State Auto has filed the instant action pursuant to 28 U.S.C. §§ 1332 and 2201, seeking a declaration that it has no duty to defend or provide coverage to EPS for damages resulting from the Accident.  Prior to the Accident, State Auto was the automobile insurance carrier for Eastern Data Systems, Inc. (EDSI), a business located in Beckley, West Virginia.  In or about October 2002, approximately seven months before the Accident, EDSI was purchased by EPS.  EDSI was formally merged into EPS in or about January 2003.  At the time of the Accident, EDSI no longer existed as a legal entity.

All of EDSI's vehicles were re-titled in the name of EPS in or about January 2003.  Although the Van was covered by the Federal insurance policy, EPS failed to cancel the State Auto insurance policy issued to EDSI.  EPS did not intend to renew this policy, but due to an apparent oversight, the State Auto policy was renewed for the policy period February 18, 2003, through February 18, 2004. The policy was renewed again on February 18, 2004.  EPS continued to pay premiums on the State Auto policy until that policy was cancelled by State Auto on March 18, 2004.

Federal was permitted to intervene as a defendant in this action by Order entered December 5, 2005, by Chief Judge Goodwin.  [Docket 13.]  Federal thereafter filed a counterclaim against State Auto, seeking a declaration that State Auto has a duty to defend and provide coverage to EPS

---

[1]  Federal issued its automobile insurance policy to Engineering and Professional Services, Inc., an affiliate of EPS Network Solutions, Inc.  For the sake of simplicity, the Court will refer to both companies as EPS.

2

because the insurance policy issued to EDSI was in force at the time of the Accident.  Federal also claims that State Auto is equally responsible along with Federal for the claims arising from the Accident.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"In deciding whether there is a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor."  *Am. Legion Post v. City of Durham*, 239 F.3d 601, 605 (4th Cir. 2001).  A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celetex Corp.*, 477 U.S. at 323.

The moving party bears the burden to show that there is no genuine issue of material fact, and the court "must assess the evidence as forecast in the documentary materials . . . in the light most favorable to the party opposing the motion."  *Charbonnages de Fr. v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).  In this case, both parties have moved for summary judgment.  Cross motions for summary judgment are given the same standard of review and the court will "consider and rule upon each party's motion separately and determine whether summary judgment is appropriate as to each

under the Rule 56 standard." *Monumental Paving & Excavating, Inc. v. Pa. Mfrs.' Ass'n Ins. Co.*, 176 F.3d 794, 797 (4th Cir. 1999).

## III.  DISCUSSION

In the parties' cross-motions for summary judgment, State Auto generally seeks to give effect to the language of the insurance policy at issue, which restricted EDSI's ability to transfer the policy to another without State Auto's written consent.  Defendants seek to avoid that contractual provision based West Virginia corporate law.[2]  The parties also dispute whether a mutual mistake was made in renewing the State Auto policy.

### A.  Transfer Restriction

State Auto moves for summary judgment based on the plain language of its insurance policy with EDSI.  The State Auto policy provides, in pertinent part, that "[EDSI's] rights and duties under this policy may not be transferred without [State Auto's] written consent[.]"  [Docket 1 at 17.] (the Transfer Restriction).  As noted above, EDSI was not in existence on the date of the Accident because it had been merged into EPS.  Thus, EPS made a claim under the State Auto policy.

In this declaratory judgment action where jurisdiction is based on diversity of citizenship, interpretation of the insurance policy at issue is governed by West Virginia law.  *First Fin. Ins. Co. v. Crossroads Lounge*, 140 F. Supp. 2d 686, 694 (S.D. W. Va. 2001) (Chambers, J.).  In West Virginia, "Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended."  Syl. pt. 1, *Pilling v. Nationwide Mut. Fire Ins. Co.*, 500 S.E.2d 870 (W. Va. 1997).

---

[2]  Defendants also claim that they are covered under the State Auto policy under the doctrines of waiver and estoppel.  For the reasons stated below, the Court need not decide these issues.

It is undisputed that the State Auto never provided written consent to transfer its policy from EDSI to EPS.  It is further undisputed that Mr. Kennedy was an EPS employee and that the Van was titled to EPS.  Thus, if the Court gives effect to the plain language of the insurance policy, EPS would not be permitted to make a claim under the policy because the policy was never transferred from EDSI to EPS.

       *B.  Transfer by Operation of Law*

In seeking to avoid the Transfer Restriction, Defendants argue that the State Auto policy was automatically transferred from EDSI to EPS under West Virginia corporate law.  Section 31D-11-1107(a)(3) of the West Virginia Business Corporation Act provides, in pertinent part, that "When a merger takes effect . . . every contract right possessed by[] each corporation or other entity that merges into the survivor is vested in the survivor without reversion or impairment[.]"

Although the West Virginia Supreme Court of Appeals has not addressed this issue, numerous courts have held that "the surviving corporation in a merger transaction succeeded to all the rights and benefits under a liability policy formerly belonging to the merged corporation, even though the policy had a clause prohibiting assignment without the insurer's consent." *Federal Ins. Co. by and through Associated Aviation Underwrtiters v. Purex Indus., Inc.*, 972 F. Supp. 872, 889 (D.N.J. 1997).  *See also  Imperial Enters., Inc. v. Fireman's Fund Ins. Co.,* 535 F.2d 287, 291 (5th Cir. 1976) (finding that when assignments are transferred as a matter of law there is no increased risk to the insurer, and that no-assignment clauses should not be enforced because the increase in risk is the reason for the clause); *Total Waste Management Corp. v. Commercial Union Ins.,* 857 F. Supp. 140, 152 (D.N.H. 1994); *Brunswick Corp. v. St. Paul Fire & Marine Ins. Co.,* 509 F. Supp. 750, 752-3 (E.D. Pa. 1981); *Paxton & Vierling Steel Co,. v. Great American Ins. Co.,* 497 F. Supp. 573, 578

(D. Neb. 1980) (finding that, absent an increase in risk to the insurer, the court should not mechanically apply a no-assignment clause so as to forfeit coverage as a result of a transfer through a statutory merger).   The rationale for consent to assignment clauses is to protect insurers from unforeseen risks. *Federal Ins. Co.*, 972 at 889.  Courts have refused to apply no assignment clauses to transfers occurring by operation of law when "such transfers do not entail any increase in the risk or hazard assumed by the insurer." *Id.*

Based on the above case law, Defendants claim that when EDSI was merged into EPS, EPS became the insured under the State Auto policy by operation of W. Va. Code § 31D-11-1107(a)(3), despite the Transfer Restriction.  Defendants move for summary judgment on this point.  State Auto argues in response that, while W. Va. Code § 31D-11-1107(a)(3) is applicable to this case, the policy should not transfer because the risk to State Auto was increased when EPS assumed the policy from EDSI.  Thus, the issue to be decided by the Court is whether the risk of insuring EPS is greater than the risk of insuring EDSI.

At trial, the Court believes that State Auto would have the burden of proving that the risk of insuring EPS is greater than the risk of insuring EDSI.  If Defendants were required to prove that the risk of insuring EDSI was not greater than the risk of insuring EPS, then Defendants would be in the position of proving a negative fact, which is "something the law rarely, if ever, imposes." *Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Workers' Compensation Programs*, 592 F.2d 762, 765 (4th Cir. 1979).  Additionally, as a practical matter, State Auto is in a better position to assess risks at the outset because this is the nature of its business, and should bear the burden of production on this issue to defeat summary judgment. *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994) (for issues on which nonmoving party will bear burden of proof at trial, nonmoving party

6

must either point to evidence in record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency).

In opposing Defendants' motion for summary judgment on the statutory transfer issue, State Auto points to certain evidence in the record to demonstrate that the risk of insuring EPS is greater than the risk of insuring EDSI.  That evidence is summarized as follows:

- EDSI's insurance application indicated that its vehicles would operate in, at most, a 100 mile radius of Beckley, WV, and would travel no further than Richmond, VA, and Washington, D.C.

- EPS is a large, New Jersey company operating in locations such as the State of Washington.

In their reply, Defendants argue that "State Auto has offered no convincing evidence that its risk of loss was increased."  [Docket 55 at 7.]  Defendants point out that, in discovery, State Auto made the following admissions:

- State Auto has no knowledge of whether the merger and transfer of the policy resulted in an increased risk.

- The policy covered accidents throughout the United States.

The Court also notes that State Auto made the following admissions:

- The policy covered accidents occurring in the State of Washington, but State Auto "might have made a different underwriting decision whether to wrote the policy" had it known EDSI/EPS was operating in Washington.  [Docket 54-5.]

- State Auto does not know whether EPS had a different exposure than EDSI.  [Docket 54-7.]

- State Auto does not know whether EPS operates in a different geographical region than EDSI.  *Id.*

Given the above facts and admissions, the Court **FINDS** that State Auto has not met its burden of proof and burden of production of coming forward with more than a scintilla of evidence

for a finder of fact to conclude that the risk of insuring EPS was greater than the risk of insuring EDSI. State Auto is simply unaware of the risk presented by insuring EPS, and its arguments to the contrary are not supported by competent evidence. Therefore, the Court concludes that the Transfer Restriction does not prevent the transfer of the policy from EDSI to EPS by operation of W. Va. Code § 31D-11-1107(a)(3), and **GRANTS** Defendants' motion for summary judgment on this issue.

State Auto also makes a related argument that the policy did not transfer from EDSI to EPS pursuant to the language of the Stock Purchase Agreement between those companies. As it is undisputed that the insurance policy was not cancelled by either State Auto, EDSI, or EPS, that active insurance policy was passed, as a matter of law, from EDSI to EPS for the reasons stated above.

### C.  Mutual Mistake

Finally, State Auto argues that the policy is voidable due to a mutual mistake because both parties were mistaken about a basic fact that is material to the agreement. In West Virginia, "[a] mutual mistake is one which is common to all parties, wherein each labors under the same misconception respecting a material fact or provision within the agreement." Syl. pt. 2, *Ryan v. Ryan*, 640 S.E.2d 64 (W. Va. 2006). State Auto points out that EPS admits to renewing the policy despite "not originally intend[ing] to do so[.]" [Docket 50-2 at 2.] The Court presumes that EPS did not intend to renew the State Auto policy because it had an automobile insurance policy with Federal. The record is clear, however, that when the policy was renewed, State Auto was unaware that EDSI had been formally merged into EPS and was also unaware that EPS has another policy of insurance with Federal. Thus, any mistake EPS made in renewing the policy was not a *mutual*

mistake with State Auto, and the doctrine of mutual mistake does not apply.[3]  Accordingly, summary judgment is **GRANTED** in Defendants' favor on this point.

*IV.  CONCLUSION*

For the foregoing reasons, the Court **DENIES** State Auto's Motion for Summary Judgment [Docket 49], **GRANTS** Defendants' Motion for Summary Judgment [Docket 48], and **DENIES** State Auto's Motion for Oral Argument [Docket 63].[4]  Accordingly, the Court **GRANTS** Federal's request for declaratory relief, **DENIES** State Auto's request for declaratory relief, and **FINDS** that EDSI was covered under the State Auto Business Auto Policy for the Accident, and that State Auto is responsible for one-half the amounts paid in the settlement of the claims arising from the Accident.

To that end, Federal shall prepare an itemized list of its costs related to the Accident to be filed with the Court by **April 3, 2008**.  State Auto may respond to Defendants' claims by **April 10, 2008**.  The Court will thereafter enter a Judgment Order in this matter.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 27, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3]  Additionally, State Auto argues that there was a material mistake made in renewing the policy because the risk of insuring EPS was greater than the risk of EDSI.  As discussed above, State Auto has not met its burden of demonstrating this fact.

[4]  It is the practice of this Court to only conduct oral argument when it appears necessary or helpful to the Court, which it does not in this case.