IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
a South Carolina corporation,

                    Plaintiff,

v.                                       CIVIL ACTION NO.  5:05-cv-00656

EASTERN DATA SYSTEMS, INC.,
EPS NETWORK SOLUTIONS, INC., and
FEDERAL INSURANCE COMPANY,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Costs and Attorney's Fees [Docket 65].  For

the reasons stated herein, the motion is **GRANTED IN PART AND DENIED IN PART**.

*I.  BACKGROUND*[1]

Plaintiff State Auto Property and Casualty Insurance Company (State Auto) filed this

declaratory judgment action on August 15, 2005, pursuant to the Federal Declaratory Judgment Act,

28 U.S.C. §§ 2201, with 28 U.S.C. § 1332, diversity of citizenship, as the jurisdictional basis.  State

Auto sought a declaration that it had no duty to defend or provide coverage under an insurance

policy (the Policy) issued to Defendant EPS Network Solutions, Inc. (EPS) for damages resulting

from an automobile accident which occurred near Ocean Shores, Washington, on or about May 26,

2003 (the Accident).

---

[1]  Much of the background of this action is taken from the Court's Memorandum Opinion and
Ordered March 27, 2008.

During the course of this action, Defendants contended that State Auto was obligated to provide coverage under the Policy.  At the time of the accident, EPS also had a policy of automobile insurance with intervening Defendant Federal Insurance Company (Federal).   Federal complied with the terms of the insurance policy it issued to EPS by providing coverage for the various claims arising from the Accident.  Federal was permitted to intervene as a defendant in this action and thereafter filed a counterclaim for declaratory judgment against State Auto, seeking a declaration that State Auto has a duty to defend and provide coverage to EPS.  Federal also claimed that State Auto was equally responsible along with Federal for the claims arising from the Accident.

In its Memorandum Opinion and Order entered March 27, 2008, the Court granted Federal's request for declaratory relief, denied State Auto's request for declaratory relief, and found that State Auto is liable for one-half of the settlement of the claims arising from the Accident.

Defendants now move for an award of costs pursuant to Fed. R. Civ. P. 54 and for attorney's fees pursuant to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986).  The Court will address each request in turn.

## II.  COSTS

State Auto first moves for an award of its costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." The Court **FINDS** that Defendants are the prevailing parties because, as more fully described in the Court's March 27, 2008 Memorandum Opinion and Order, the Court found in Defendants' favor in this declaratory judgment action.

Under 28 U.S.C. § 1920,

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 USCS § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Here, Defendants seek reimbursement for the fees of the court reporters incurred in the depositions of State Auto's witnesses and their copying expenses.

To recover deposition costs, the taking of the deposition must be "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc.,* 830 F.2d 522, 528 (4th Cir. 1987). The prevailing party may recover court reporter fees and costs for one original (if the deposition is taken by the prevailing party) and one copy of the deposition transcript. *See Bd. of Dirs., Water's Edge v. Anden Group,* 135 F.R.D. 129, 134 (E.D. Va. 1991). The court reporter fees and deposition costs for which Defendants seek reimbursement (*i.e.*, State Auto's witnesses) appear to have been necessary at the time of their taking. As State Auto has failed to object to Defendants' request for an award of $1,546.05 in deposition costs, that request is **GRANTED**.

Defendants also seek to recover duplication costs. Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel. *See, e.g., Water's Edge,* 135 F.R.D. at 138-39. Defendants do not expressly state that the purpose of their duplications costs, but their motion suggests that the costs were reasonably necessary for use in this case. As State Auto has

-3-

failed to object to Defendants' request for an award of $2,599.00 in duplication costs, that request

is **GRANTED**.

### III.  ATTORNEY'S FEES

Defendants also move for an award of attorney's fees.  Fed. R. Civ. P. 54(d)(2) provides, in

pertinent part, that,

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable
> expenses must be made by motion unless the substantive law requires those fees to
> be proved at trial as an element of damages.
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides
> otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant
> to the award;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the
> services for which the claim is made.

Additionally, this Court has previously held that 28 U.S.C. § 2202[2] of the Federal Declaratory

Judgment Act allows for the recovery of "attorney fees after a § 2201(a) action has concluded where

the state law governing the action, or some other independent basis, allows for such fees."

*Continental Cas. Co. v. Assicuraziono Generali, S.P.A.*, 903 F. Supp. 990, 992 (S.D. W. Va. 1995).

(Haden, C.J.).   In this diversity action, West Virginia substantive law controls because the

Declaratory Judgment Act is a procedural statute creating no substantive rights.  *Bourazak v. North*

*River Ins. Co.*, 379 F.2d 530, 533 (7th Cir. 1967) ("The Declaratory Judgment Act created no new

rights, but rather created a new remedy with which to adjudicate existing rights.").  Thus, the Court

looks to West Virginia law to determine whether attorney's fees are recoverable in this case.

---

[2]  Section 2202 provides that "[f]urther necessary or proper relief based on a declaratory judgment
or decree may be granted, after reasonable notice and hearing, against any adverse party whose
rights have been determined by such judgment."

In *Continental*, the Court noted that "[i]n West Virginia, an insurance company may recover its costs incurred in the successful prosecution of a declaratory judgment action against another insurer to determine which insurer is responsible for primary insurance coverage." *Continental Cas. Co.*, 903 F. Supp. at n.4 (citing *Allstate Ins. Co. v. State Auto. Mut. Ins. Co.,* 364 S.E.2d 30, 33 (W. Va. 1987)).  In *Allstate*, the plaintiff insurance company filed a declaratory judgment action against the defendant insurance company to require the defendant insurance company to assume the defense of their insured and to reimburse it for its costs of defending the insured and bringing the declaratory judgment.  The West Virginia Supreme Court of Appeals held that,

> [I]n *Aetna Casualty and Surety Co. v. Pitrolo, W.Va.,* 342 S.E.2d 156 (1986), we held that an insurer which wrongfully refused to defend its insured was liable for both the costs of the insured's defense and the costs of prosecuting a declaratory judgment action seeking to require the insurer to defend.  Syllabus Point states: 'Where a declaratory judgment action is filed to determine whether an insurer has a duty to defend its insured under its policy, if the insurer is found to have such a duty, its insured is entitled to recover reasonable attorney's fees arising from the declaratory judgment litigation.'  This same principle extends logically to the facts before us: Allstate is entitled to recover both its costs of defending the insured as well as its costs of prosecuting the action.

*Allstate Ins. Co. v. State Auto. Mut. Ins. Co.,* 364 S.E.2d at 33.  The purpose of this decision was to "den[y] a windfall to the insurer who wrongfully refused to defend, while not penalizing the insurer who recognized its obligations." *Id.* at 34.

In this case, the issue before the Court at the summary judgment stage was not which insurer was responsible for primary coverage, but whether State Auto was equally responsible with Federal for the claims arising from the Accident.  Nevertheless, the "same principle extends logically" to this case because it involves a dispute between two insurance companies regarding the proper allocation of insurance coverage between the companies for their insured's claims.  Thus, the Court

**FINDS** that under West Virginia law, Federal is entitled to its attorney's fees incurred "defending

the insured as well as its costs of prosecuting [this declaratory judgment] action."

In its motion for attorney's fees, however, Defendants do not seek reimbursement for

Federal's actual costs incurred in defending EPS and prosecuting its declaratory judgment claim.

Rather, Defendants seek an award of attorney's fees equal to one-third of the amount they will

recover under the Policy[3] pursuant to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W.

Va. 1986).  As recently reiterated by the West Virginia Supreme Court of Appeals in *Fauble v.*

*Nationwide Mut. Fire Ins. Co.*, 2008 W. Va. LEXIS 49, *11-12 (W. Va. June 16, 2008),

> In *Hayseeds,* the insureds, James and Lynn Trovato, prevailed in the Circuit Court
> of Mason County against their insurer upon a claim for the fire-loss of a building.
> Recovering $ 150,000 upon the policy, the insureds' evidence at trial indicated that
> the insurer failed to adequately investigate the facts and circumstances surrounding
> the fire. Upon appeal, this Court affirmed the $ 150,000 recovery and held:
>
> > [W]henever a policyholder must sue his own insurance company over
> > any property damage claim, and the policyholder substantially
> > prevails in the action, the company is liable for the payment of the
> > policyholder's reasonable attorney fees. Presumptively, reasonable
> > attorneys' fees in this type of case are one-third of the face amount of
> > the policy, unless the policy is either extremely small or enormously
> > large.

In support of their motion, Defendants claim that in this declaratory action, "EPS is the policyholder,

and EPS prevailed in this suit brought by its insurer, plaintiff State Auto."   [Docket 70 at 3.]

However, Defendants admit that "Federal was the actual entity seeking to recoup the payments it

had made to resolve the underlying claims." *Id.*   To the extent that Defendants seek to characterize

this case as a *Hayseeds* action in which the policyholder, EPS, was forced to sue its insurer, State

---

[3]  As described more fully in the Court's Order entered this day, the exact figure of the amount to
which Defendants are entitled under the Policy has yet to be determined by the Court.

Auto, over an insurance claim, the Court believes this is a mischaracterization of the factual and procedural background of this action.  As noted above, the dispute in this action was one between two insurance companies regarding the proper allocation of coverage of EPS's claims.  Under *Allstate*, it is clear that Federal is entitled to its reasonable attorney's fees, but *Allstate* cites to *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986), as the basis for awarding those fees.  Given that *Allstate* was decided nearly one year after *Hayseeds* and the *Allstate* court failed to cite to *Hayseeds*, the Court believes that the West Virginia Supreme Court of Appeals would not extend the *Hayseeds* methodology for awarding attorney's fees to this case.  Accordingly, EPS's request for an award of attorney's fees under *Hayseeds* is **DENIED** and the Court **FINDS** that Federal is the party entitled to an award of reasonable attorney's fees.

In *Pitrolo*, the West Virginia Supreme Court of Appeals adopted the twelve factors in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), as the method for calculating an award of reasonable attorney's fees.  *Id.* at 161-62.  The Fourth Circuit has also adopted this standard.  *See, e.g.*, *Trimper v. City of Norfolk,* 58 F.3d 68, 73 (4th Cir. 1995); *Daly v. Hill,* 790 F.2d 1071, 1077 (4th Cir. 1986).  In fashioning an award of reasonable attorney's fees in this case, the Court will follow the Fourth Circuit line of cases adopting *Johnson*, as "Federal courts sitting in diversity apply state substantive law and federal procedural law." *First Nationwide Mortgage Corp. v. FISI Madison, Inc.,* 219 F. Supp. 2d 669, 672 (D. Md. 2002).  In its motion for attorney's fees, however, Federal has wholly failed to address the *Johnson* factors.

If Federal wishes to pursue its claim to an award of reasonable attorney's fees, it shall file such a request by **September 12, 2008**.  State Auto may respond to Federal's filing by **September 22, 2008**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        SEPTEMBER 2, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE