**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY,
a South Carolina corporation,

                         Plaintiff,

v.                                              CIVIL ACTION NO.  5:05-cv-00656

EASTERN DATA SYSTEMS, INC.,
EPS NETWORK SOLUTIONS, INC., and
FEDERAL INSURANCE COMPANY,

                         Defendants.

**MEMORANDUM OPINION AND ORDER**


Before the Court can enter Judgment in this action, several outstanding issues must be

resolved.  Pending are Federal Insurance Company's (Federal)  Request for Award of Attorneys'

Fees [Docket 77] and other unsettled questions concerning the amounts of settlement payments and

costs at issue.  For the reasons and in the amounts set forth below, the Court **GRANTS** Federal's

motion for attorneys' fees [Docket 77] and enters Judgment in favor of Eastern Data Systems Inc.

(EDSI), EPS Network Solutions, Inc. (EPS), and Federal (collectively, Defendants).

*I. BACKGROUND*

This action involves a dispute between State Auto Property and Casualty Insurance Company

(State Auto) and its insured, EPS.  The facts giving rise to this action are not in dispute.  Prior to

2003, EDSI was a business located in Beckley, West Virginia.  All of EDSI's vehicles were covered

by an insurance policy issued by State Auto.  In or about October 2002, EDSI was acquired by EPS. In January 2003, EDSI was merged into EPS and ceased to be a legal entity.  At that time, all of EDSI's vehicles were titled in the name of EPS and covered by EPS's automobile insurer, Federal. Despite the insurance provided by Federal, EPS renewed the insurance policy with State Auto on February 18, 2003, with coverage continuing through February 18, 2004.  The policy was again renewed on February 18, 2004.  The continuation of the duplicative policy with State Auto was apparently an oversight by EPS.  State Auto cancelled the policy on March 18, 2004.

On or about May 26, 2003, a van owned by EPS and driven by an EPS employee was involved in a serious multiple vehicle accident near Ocean Shores, Washington.  Various parties asserted claims against EPS as a result of the accident.  Federal paid various amounts to settle claims, in compliance with the terms of the insurance policy held by EPS.

On August 15, 2005, State Auto filed the instant action pursuant to 28 U.S.C. §§ 1332 and 2201, seeking a declaration that it has no duty to defend or provide coverage to EPS for damages resulting from the accident.  Federal was permitted to intervene as a defendant on December 5, 2005. Shortly thereafter, Federal asserted a counterclaim against State Auto, seeking a declaration that State Auto had a duty to defend and provide coverage to EPS because the insurance policy issued to EDSI was in force at the time of the accident.  Federal contended that State Auto, as a fellow primary insurer, should be responsible for half of the amount paid to settle the claims against EPS.

After extensive discovery, the parties filed competing motions for summary judgment.  In its Memorandum Opinion and Order of March 27, 2008, this Court found that the State Auto insurance policy originally held by EDSI passed as a matter of law to EPS upon the merger of EDSI into EPS.  EPS therefore was covered by the State Auto insurance policy at the time of the accident

2

and State Auto was responsible for one-half of the amounts paid in settlement of the claims arising from the accident.  Accordingly, the Court granted the joint motion for summary judgment filed by Federal, EDSI, and EPS and denied State Auto's motion for summary judgment. (Docket 64.) However, the Court delayed entry of a Judgment Order until Federal could provide an itemized list of its costs related to the accident.

Prior to the deadline set for Federal to file an itemized list of its costs, Defendants filed a motion for costs and attorneys' fees.[1]  (Docket 65.)  The filing contained a list of costs, but it was not itemized as required by the Court's order.  The issue of attorneys' fees also was raised for the first time in the motion.  Defendants did not argue that Federal was entitled to recover the reasonable costs incurred in defending EPS and prosecuting the declaratory judgment claim.  Rather, they argued that EPS should recover an award of attorneys' fees equal to one-third of the amount they would recover under the insurance policy.  Defendants relied on a decision of the West Virginia Supreme Court of Appeals, *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986), which held that an insured could recover reasonable attorneys' fees when it prevailed in a suit to force its insurance company to pay a claim.

In its Memorandum Opinion and Order of September 3, 2008, the Court rejected Defendants' invitation to apply the holding *Hayseeds* to this action.  (Docket 75.)  Unlike *Hayseeds*, the policyholder in the instant action was not forced to sue its insurer.  This action is more properly characterized as a dispute between two insurance companies—Federal and State Auto—over the proper allocation of coverage on EPS's claims.  Although Defendants mistakenly relied on *Hayseeds*

---

[1]  State Auto filed a notice of appeal Fourth Circuit Court of Appeals on April 25, 2008, before the Court had entered a Judgment Order or ruled on the pending motion for attorneys' fees.

to support their motion for attorneys' fees, the Court found their motion was not without merit. Under 28 U.S.C. § 2202 and the pertinent West Virginia authorities, a prevailing insurer can recover attorneys' fees from a co-insurer who wrongfully refuses to defend the parties' insured. *See Allstate Ins. Co. v. State Auto. Mut. Ins. Co.*, 364 S.E.2d 30, 33–34 (W. Va. 1987). Accordingly, the Court denied EPS's request for attorneys' fees but permitted Federal ten days to file a request for attorneys' fees. Additionally, the Court granted Defendants' request for $1,546.05 in deposition costs and $2,599.00 in duplication costs.

By a separate Order on September 3, 2008, the Court ordered Federal to comply with the order dated March 27, 2008, which directed Defendants to submit an itemized list of costs related to the settlement of the underlying claims. (Docket 76.)

Federal timely filed its Request for Attorneys' Fees (Docket 77) and Submission of Settlement Costs and Expenses Sought (Docket 78) in response to this Court's orders of September 3, 2008. State Auto filed a response in opposition to Defendants' claims for attorneys fees and costs. (Docket 79.)

## II.  DISCUSSION

### A.  Settlement Amounts and Related Costs

As discussed above, the Court previously found that State Auto was responsible for one-half of the amounts paid and costs incurred by Federal to settle the various claims arising from the May 26, 2003 accident. (*See* Docket 64 at 9.) However, these amounts have been an open question thus far. At various times, the total figure has been stated as $847,203.54, $851,510.55, and $824,986.00. For this reason, the Court ordered Federal to submit an itemized list of settlement claims and related costs.

4

On September 12, 2008, Federal submitted an itemized list of settlement payments and costs, supported by appropriate documentation.  (*See* Docket 78.)  In that filing, Federal lists payments totaling $851,510.55 issued to settle various personal injury and property claims.  Additionally, Federal details expenses paid in connection with the settlement in the amount of $1,891.50.[2]  In sum, Federal claims that is has paid $853,402.05 to resolve the underlying claims.  Federal requests an award of roughly one-half that amount, or $426,701.00.

Although State Auto renews its objection to the award of one-half of the amounts paid to settle the claims, it does not object to Federal's calculation of the total amounts paid on the claims, $851,510.55.  However, State Auto objects to the addition of Federal's related costs ($1,891.50) to the amounts paid to settle the claims.  State Auto contends that "Federal has no legal basis upon which to recover against State Auto for Federal's costs of complying with its contractual duty to defend its insured."  (Docket 79 at 3.)  Thus, State Auto argues that under the Court's order of March 27, 2008, it should be responsible for one-half of $851,510.55, not one-half of $853,402.05.

The Court finds State Auto's argument unpersuasive.  Under 28 U.S.C. §2202, this Court may grant "[f]urther necessary or proper relief based on a declaratory judgment or decree . . . against any adverse party whose rights have been determined by such judgment."  28 U.S.C. § 2202.  Such further relief is in the discretion of the Court "as shall seem meet and proper" and "need not have been demanded or even proved in the original action."  *Ins. Serv. of Beaufort, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 851 (4th Cir. 1992) (citations omitted).

---

[2]  Federal claims its total costs incurred in settling the claims was $2,711.89.  This figure includes some duplication costs that previously were awarded to Federal.  (Docket 75 at 3-4.)  $1,891.50 represents costs which were not accounted for in this Court's prior Order.

5

Under the principle in *Allstate*, Federal "is entitled to recover . . . its costs of defending the insured." *Allstate*, 363 S.E.2d at 33. The question is whether "costs of defending the insured" can be fairly construed as including costs incurred in settling claims against the insured. The Court concludes that they can. Under the unique circumstances of this action, Federal and State Auto had an equal duty to defend EPS. State Auto did not fulfill that duty. Federal did, and it incurred expenses as a result. It would be inequitable to permit State Auto to benefit from its failure to defend its insured by avoiding the costs attendant to settling the claims against its insured. *See St. Paul Fire & Marine Ins. Co. v. Vigilant Ins. Co.*, 919 F.2d 235, 242–43 (4th Cir. 1990). Accordingly, pursuant to 28 U.S.C. § 2202, the Court **FINDS** that it is proper to award Federal one-half of the reasonable costs it incurred in settling the claims against EPS.

Federal has represented that it made settlement payments in the amount of $851,510.55 and incurred related costs in the amount of $1,891.50. State Auto does not dispute either figure. Federal is entitled to one-half of the sum of these two amounts. Thus, the Court **FINDS** that State Auto is responsible to Federal in the amount of $426,701.00.

### B. Attorneys' Fees

In its Memorandum Opinion and Order of September 3, 2008, the Court found that Federal was entitled to reasonable attorneys' fees. Federal was instructed that if it wished to seek attorneys' fees, it was to file a request addressing each of the twelve factors expressed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by West Virginia in *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986). The twelve *Johnson* factors are relevant to the determination of reasonable attorneys' fees and are as follows:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Pitrolo*, 342 S.E.2d at 161–162. Federal filed a request addressing these factors on September 12, 2008. (*See* Docket 77.) Federal requests $21,300.80 in attorneys' fees and costs. This figure consists of $20,812.50 in billed fees, $198.00 for legal research, and $290.30 for travel expenses. State Auto objects to the award of attorneys' fees, but it does not object to Federal's calculation of those fees.

In its request, Federal addressed each of the *Johnson* factors to support its contention that its attorneys' fees are reasonable. The Court agrees that the fees are reasonable. Several of the *Johnson* factors are particularly persuasive. This action has been pending for over three years and has involved numerous contested issues and extensive discovery. Throughout this time, Federal's counsel has billed a total of 169.1 hours to Federal. This appears reasonable under the first *Johnson* factor. Likewise, the billing rates appear reasonable under the fifth, sixth, and eighth *Johnson* factors. Lastly, the total amount of attorneys' fees and costs requested is consistent with the twelfth *Johnson* factor. Accordingly, the Court **FINDS** that Federal's attorneys' fees of $21,300.80 are reasonable and the Court **GRANTS** Defendant Federal Insurance Company's Request for Award of Attorneys' Fees. [Docket 77.]

## III.  CONCLUSION

For the reasons stated above, the Court **AWARDS** Federal $426,701.00 pursuant to this Court's prior finding that State Auto is responsible for one-half the amounts paid and costs incurred by Federal in settlement of the claims against EPS. (*See* Docket 64 at 9.) Federal Insurance

Company's Request for Award of Attorneys' Fees [Docket 77] is **GRANTED** and Federal is hereby **AWARDED** reasonable attorneys' fees and costs in the amount of $21,300.80.  These awards shall include post-judgment interest at the established federal rate on the date of judgment. A Judgment Order will enter this day implementing this Court's ruling.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:        SEPTEMBER 26, 2008

———————————————————————
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE